1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES, for the Use of    )    1:06-cv-0354 OWW SMS
   ALCAL/ARCADE CONTRACTING, INC.,  )
10 a Nevada corporation, doing      )    SCHEDULING CONFERENCE ORDER
   business as ARCADE INSULATION,   )
11                                  )    Discovery Cut-Off:  5/1/07
                Plaintiffs,         )
12                                  )    Non-Dispositive Motion
        v.                          )    Filing Deadline:  5/15/07
13                                  )
   MIKE NELSON COMPANY, INC., a     )    Dispositive Motion Filing
14 California corporation; DICK     )    Deadline:  5/30/07
   CORPORATION/MATT CONSTRUCTION    )
15 CORPORATION, a Joint Venture;    )    Settlement Conference Date:
   AMERICAN CASUALTY COMPANY OF     )    1/11/07 10:00 Ctrm. 7
16 READING, PENNSYLVANIA, a         )
   Pennsylvania corporation; and    )    Pre-Trial Conference
17 HARTFORD FIRE INSURANCE COMPANY, )    Date:  8/6/07 11:00 Ctrm. 3
   a Connecticut corporation,       )
18                                  )    Trial Date:  9/11/07 9:00
                Defendants.         )    Ctrm. 3 (JT-5 days)
19                                  )
   _____ )
20

21

22 I.   Date of Scheduling Conference.

23      August 18, 2006.

24 II.  Appearances Of Counsel.

25      Fennell & Olsen by Jeffrey G. Olsen, Esq., appeared on

26 behalf of Plaintiffs.

27      Law Office of Myron F. Smith by Myron F. Smith, Esq.,

28 appeared on behalf of Defendants.

                                1

1  III.   Summary of Pleadings.

2      1.   Plaintiff Arcade entered into a subcontract dated
3  February 21, 2003, which was subsequently modified on May 5,
4  2003, with Mike Nelson Company, Inc., a California corporation
5  (hereinafter "Nelson"), for the installation of acoustical
6  insulation, acoustical wood ceilings, fire stopping and caulking
7  in the United States Courthouse in Fresno, California.  The
8  contract price for the contract, including all change orders, is
9  $557,758.00, and Plaintiff is still owed the sum of $195,894.80
10  for labor and materials it supplied to the project for which it
11  has not been paid to date.  Nelson in turn was a subcontractor to
12  Dick Corporation/Matt Construction Corporation, a Joint Venture
13  (hereinafter "DCMC") which entered into a contract with the
14  Untied States of America for the construction of improvements in
15  the United States Courthouse in Fresno, California.  American
16  Casualty Company of Reading, Pennsylvania (hereinafter
17  "American") and Hartford Fire Insurance Company (hereinafter
18  "Hartford") supplied the payment bond for the project which
19  enures to the benefit subcontractors such as Plaintiff.

20      2.   Defendants contend that Plaintiff breached its contract
21  with Nelson in that it failed to complete its portion of the
22  contract, abandoned the job, and breached the covenant of good
23  faith and fair dealing.  Defendants deny that Plaintiff is owed
24  anything.

25  IV.   Orders Re Amendments To Pleadings.

26      1.   The parties do not anticipate filing any amendments to
27  the pleadings at this time.

28  ///

2

1   **V.    Factual Summary.**

2      **A.    Admitted Facts Which Are Deemed Proven Without Further**

3   **Proceedings.**

4         **1.    DCMC entered into a contract with the United**

5   **States of America for the construction of work of improvements at**

6   **the United States Courthouse in Fresno, California.  American and**

7   **Hartford provided the payment bond for the project.  DCMC entered**

8   **into a subcontract with Nelson, and Nelson in turn entered into a**

9   **subcontract with Plaintiff in which Plaintiff agreed to provide**

10  **acoustical insulation, acoustical wood ceiling, fire stopping and**

11  **caulking to the project in question.**

12     **B.    Contested Facts.**

13        **1.    Plaintiff contends and Defendants deny that**

14  **Plaintiff has completed its scope of work under the contract,**

15  **that with authorized change orders, the contract price for all**

16  **labor and material to be supplied by Plaintiff is $587,758.00 and**

17  **Plaintiff is owed the balance of $195,894.80.  Defendants contend**

18  **and Plaintiff denies that Plaintiff breached its contract with**

19  **Nelson, that it failed to complete its portion of the contract,**

20  **that it abandoned the job, and that it breached the covenant of**

21  **good faith and fair dealing.  The scope of work under Plaintiff's**

22  **subcontract with Nelson and whether or not all of the change**

23  **orders proposed by Plaintiff became part of the contract with**

24  **Nelson.**

25  **VI.  Legal Issues.**

26     **A.    Uncontested.**

27        **1.    Jurisdiction exists under 28 U.S.C. § 1331 and the**

28  **Miller Act.**

                                    3

1    **2.    Venue is proper under 28 U.S.C. § 1391.**

2    **3.    The parties agree that the substantive law of the**
3    **United States applies regarding choice of law.  To the extent any**
4    **issue is not covered by Federal law, either the law of the State**
5    **of California or any choice of law selected by the applicable**
6    **contract or contracts.**

7    **B.    Contested.**

8    **1.    Whether or not any contract between the parties**
9    **was breached.**

10   **2.    Whether or not that breach caused any damage to**
11   **any party.**

12   **3.    The nature and extent of any damage.**

13   **4.    Whether or not any change orders proposed by**
14   **Plaintiff became part of the contract.**

15   **5.    The nature and extent of the scope of work under**
16   **Plaintiff's subcontract with Nelson.**

17   **VII. Consent to Magistrate Judge Jurisdiction.**

18   **1.    The parties have not consented to transfer the**
19   **case to the Magistrate Judge for all purposes, including trial.**

20   **VIII.     Corporate Identification Statement.**

21   **1.    Any nongovernmental corporate party to any action in**
22   **this court shall file a statement identifying all its parent**
23   **corporations and listing any entity that owns 10% or more of the**
24   **party's equity securities.  A party shall file the statement with**
25   **its initial pleading filed in this court and shall supplement the**
26   **statement within a reasonable time of any change in the**
27   **information.**

28   **///**

**4**

1  IX.   Discovery Plan and Cut-Off Date.

2       1.   The parties are ordered to complete all discovery on

3  or before May 1, 2007.

4       2.   The parties are directed to disclose all expert

5  witnesses, in writing, on or before March 1, 2007.  Any

6  supplemental expert disclosures will be made on or before April

7  2, 2007.  The parties will comply with the provisions of Federal

8  Rule of Civil Procedure 26(a)(2) regarding their expert

9  designations.  Local Rule 16-240(a) notwithstanding, the written

10 designation of experts shall be made pursuant to F. R. Civ. P.

11 Rule 26(a)(2), (A) and (B) and shall include all information

12 required thereunder.  Failure to designate experts in compliance

13 with this order may result in the Court excluding the testimony

14 or other evidence offered through such experts that are not

15 disclosed pursuant to this order.

16      3.   The provisions of F. R. Civ. P. 26(b)(4) shall

17 apply to all discovery relating to experts and their opinions.

18 Experts may be fully prepared to be examined on all subjects and

19 opinions included in the designation.  Failure to comply will

20 result in the imposition of sanctions.

21 X.   Pre-Trial Motion Schedule.

22      1.   All Non-Dispositive Pre-Trial Motions, including any

23 discovery motions, will be filed on or before May 15, 2007, and

24 heard on June 22, 2007, at 9:00 a.m. before Magistrate Judge

25 Sandra M. Snyder in Courtroom 7.

26      2.   In scheduling such motions, the Magistrate

27 Judge may grant applications for an order shortening time

28 pursuant to Local Rule 142(d).  However, if counsel does not

5

1 obtain an order shortening time, the notice of motion must comply

2 with Local Rule 251.

3      3.   All Dispositive Pre-Trial Motions are to be

4 filed no later than May 30, 2007, and will be heard on July 9,

5 2007, at 10:00 a.m. before the Honorable Oliver W. Wanger, United

6 States District Judge, in Courtroom 3, 7th Floor.  In scheduling

7 such motions, counsel shall comply with Local Rule 230.

8 XI.  Pre-Trial Conference Date.

9      1.   August 6, 2007, at 11:00 a.m. in Courtroom 3, 7th

10 Floor, before the Honorable Oliver W. Wanger, United States

11 District Judge.

12      2.   The parties are ordered to file a Joint Pre-

13 Trial Statement pursuant to Local Rule 281(a)(2).

14      3.   Counsel's attention is directed to Rules 281

15 and 282 of the Local Rules of Practice for the Eastern District

16 of California, as to the obligations of counsel in preparing for

17 the pre-trial conference.  The Court will insist upon strict

18 compliance with those rules.

19 XII. Trial Date.

20      1.   September 11, 2007, at the hour of 9:00 a.m. in

21 Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger,

22 United States District Judge.

23      2.   This is a jury trial.

24      3.   Counsels' Estimate Of Trial Time:

25           a.   5 days.

26      4.   Counsels' attention is directed to Local Rules

27 of Practice for the Eastern District of California, Rule 285.

28 ///

XIII.        Settlement Conference.

       1.    A Settlement Conference is scheduled for January 11, 2007, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

       2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

       3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

       4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not

achieved and if such a request is not made the Court will dispose
of the statement.

    5.    The Confidential Settlement Conference
Statement shall include the following:

        a.    A brief statement of the facts of the
case.

        b.    A brief statement of the claims and
defenses, i.e., statutory or other grounds upon which the claims
are founded; a forthright evaluation of the parties' likelihood
of prevailing on the claims and defenses; and a description of
the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be
expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement,
including present demands and offers and a history of past
settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master,
Or Other Techniques To Shorten Trial.

    1.    None.

XV.  Related Matters Pending.

    1.    There are no related matters.

XVI. Compliance With Federal Procedure.

    1.    The Court requires compliance with the Federal
Rules of Civil Procedure and the Local Rules of Practice for the
Eastern District of California.  To aid the court in the
efficient administration of this case, all counsel are directed

1  to familiarize themselves with the Federal Rules of Civil

2  Procedure and the Local Rules of Practice of the Eastern District

3  of California, and keep abreast of any amendments thereto.

4  XVII.      Effect Of This Order.

5       1.   The foregoing order represents the best

6  estimate of the court and counsel as to the agenda most suitable

7  to bring this case to resolution.   The trial date reserved is

8  specifically reserved for this case.   If the parties determine at

9  any time that the schedule outlined in this order cannot be met,

10  counsel are ordered to notify the court immediately of that fact

11  so that adjustments may be made, either by stipulation or by

12  subsequent scheduling conference.

13       2.   Stipulations extending the deadlines contained

14  herein will not be considered unless they are accompanied by

15  affidavits or declarations, and where appropriate attached

16  exhibits, which establish good cause for granting the relief

17  requested.

18       3.   Failure to comply with this order may result in

19  the imposition of sanctions.

20

21  IT IS SO ORDERED.

22  **Dated:   August 18, 2006**          _____**/s/ Oliver W. Wanger**_____
    emm0d6                          UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

9